# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMIE J. SCOTT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 16-CV-707-SMY |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Tommie Scott moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (Doc. 1). The Court appointed the Federal Public Defender's Office to represent Scott (Doc. 2) and Assistant Federal Public Defender Todd M. Schultz entered his appearance as counsel of record (Doc. 4).

Now pending before the Court is Schultz's Motion to Withdraw (Doc. 5). Schultz asserts that Scott has no meritorious basis for obtaining relief under *Johnson*. The Government has responded and argues that Scott's Motion should be denied (Doc. 9). For the following reasons, the Motion to Withdraw is **GRANTED** and Scott's Motion under 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

### Factual and Procedural Background

On August 18, 2006, Petitioner Tommie J. Scott was charged by a federal grand jury in a four-count Indictment with:

**Count 1**: Unlawful Possession of a Firearm by a Previously Convicted Felon in violation of 18 U.S.C. § 922(g)(1);

**Count 2**: Possession with Intent to distribute a Controlled Substance ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B);

**Count 3**: Possession of a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1); and,

**Count 4**: Forfeiture pursuant to 18 U.S.C. 924(d) and 28 U.S.C. § 2461(c). (*see* Case No. 06-CR-30115-SMY, Doc. 1).

On September 8, 2006, the government filed an Information to Establish Prior Convictions setting forth prior state convictions for unlawful delivery of a controlled substance, unlawful possession of a controlled substance, and distribution of cocaine base, and seeking an enhanced sentence as to Count 2 (*Id*. Doc. 14).

Scott pled guilty pursuant to a plea agreement on December 6, 2016 (*Id*. Docs. 22 and 23). On March 9, 2017, the United States Probation Office filed a Presentence Investigation Report ("PSR") under seal (*Id.* Doc. 28). According to the PSR, the statutory range for imprisonment is: a maximum of 10 years for Count 1 pursuant to 18 U.S.C. § 924(a)(2); 10 years to life for Count 2 pursuant to 18 U.S.C. §§ 841(b)(1)(B) and 851; and, not less than 5 years, to run consecutively to any other sentence, for Count 3 pursuant to 18 U.S.C. § 924(c)(1) (*Id*., Doc. 28, p. 20). Based on a total offense level of 25 and a criminal history category IV, the guideline imprisonment range was calculated as 84 to 105 months with an effective range of 180 months due to the statutory minimum sentence for Count 2 followed by the consecutive minimum sentence for Count 3 (*Id.*).

In the plea agreement, the parties agreed Scott had a total offense level of 25 and a criminal history category III[1] resulting in a guideline imprisonment range of 70 to 87 months (*Id.*, Doc. 23, p. 6). The parties nonetheless acknowledged the mandatory minimum sentence of 10 years on Count 2 and the consecutive minimum sentence of 5 years on Count 3 (*Id*.). Scott agreed to waive any right to contest his conviction and sentence pursuant to Titles 18 and 28 with limited

---

[1] As noted above, the PSR finds a criminal history category IV. No party objected to the PSR.

exceptions for collateral challenges of actual innocence due to changes in the law made retroactive or due to beneficial amendments to the guidelines made retroactive (*Id*, Doc. 23, p. 10).

On March 9, 2007, the Court sentenced Scott to be imprisoned for a term of 84 months on Count 1, 120 months on Count 2 to be served concurrently, 60 months on Count 3 to be served consecutively to the terms imposed on Counts 1 and 2, for a total term of 180 months -- the mandatory minimum statutory term of imprisonment  (*Id.* Doc. 27).  The Court also sentenced Scott to 8 years of supervised release and ordered him to pay a special assessment of $300.00 and a fine of $500.00 (*Id.*).  Judgment was entered on March 9, 2007 (*Id*. Doc. 31).  Scott did not appeal his conviction or sentence.

## **Discussion**

Relief under 28 U.S.C. § 2255 is limited.  Unlike a direct appeal in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013).  "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief" (*Id.*) at 641-642 (citing *United States v. Kovic*, 830 F.2d 680 (7th Cir. 1987).  However, an evidentiary hearing is warranted if "the petitioner alleges facts that, if proven, would entitle him to relief."  *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)) (internal quotations omitted).  Based on these standards, the Court finds that an evidentiary hearing is not warranted in this case as the existing record conclusively demonstrates that Scott is not entitled to the relief he requests.  *See* Rule 8(a) of Rules Governing Section 2255 Proceedings; *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Scott argues that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) applies to his case. In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" (18 U.S.C. § 924(e)(2)(B)) was unconstitutionally vague and violates the Constitution's guarantee of due process (*Id.* at 2563). Under the ACCA as drafted at the time, if the offender had three or more prior convictions for a "serious drug offense" or a "violent felony" the ACCA increased his prison term to a minimum of 15 years and a maximum of life (*Id.* at 2555). The ACCA defined "violent felony" as any crime punishable by imprisonment for a term exceeding one year…that (1) has an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise *involves conduct that presents a serious potential risk of physical injury to another* (residual clause) (emphasis added) (*Id.* at 2556).

In his Motion, Schultz asserts that the § 2255 Motion is time barred because it was filed more than a year after *Johnson* was decided (Doc. 5, ¶4). A federal prisoner has 1-year from "the date on which the right asserted was initially recognized by the Supreme Court" to file a § 2255 Motion. 29 U.S.C. §2255(f)(3). The *Johnson* decision was issued on June 26, 2015 and Scott's § 2255 Motion was filed on June 27, 2016. Scott submitted his § 2255 Motion to prison authorities on June 25, 2016 for mailing (Doc. 1-1, p. 5) and, if his claim turns on a right first recognized in *Johnson*, it is timely because June 26, 2016 was a Sunday.

Nevertheless, *Johnson* does not apply to Scott because he was not sentenced as an armed career criminal and he did not receive an enhanced sentence based on 18 U.S.C. § 924(e)'s residual clause. He also did not receive an enhanced penalty based upon guidelines § 4B1.2(a)'s residual clause. Rather his sentence was enhanced pursuant to 21 U.S.C. § 841(b)(1)(B) because he had "a

prior conviction for a serious drug felony. . . ." Therefore, Scott is not entitled to relief under *Johnson*.

Moreover, the Government's argument that Scott waived his right to file this §2255 Motion in his plea agreement is well-taken. Scott does not reference his plea (including the waiver provision) in his §2255 Motion. Nor does he contend that his guilty plea, his stipulation, or his execution of the waiver was involuntary. *See United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999). The waiver of his right to file a § 2255 Motion appears valid, enforceable, and this matter does not fall within the narrow exceptions set forth in his Plea Agreement. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (finding that a defendant may validly waive his right to challenge his sentence on collateral review under 28 U.S.C. § 2255).

Accordingly, Assistant Federal Public Defender Todd M. Schultz's Motion to Withdraw (Doc. 5) is **GRANTED**; Petitioner's Motion for Relief pursuant to 28 U.S.C. §2255 (Doc 1) is **DENIED**; and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. §2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, the Court has determined that Scott has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Scott has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: December 16, 2019**

**STACI M. YANDLE**
**United States District Judge**